986 F.2d 1415
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
THE SWANSON GROUP, INCORPORATED, Plaintiff-Appellant,
v.
DEPARTMENT OF THE NAVY; H. Lawrence Garrett, III; Robert
Brower; Jerry Taft, Defendants-Appellees.
 No. 92-1783.
 United States Court of Appeals,
Fourth Circuit.
 Argued: December 3, 1992
Decided: February 22, 1993
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, Chief District Judge. (CA-92-680-A)
 Andrew R. Gordon, DIMURO, GINSBERG & LIEBERMAN, P.C., Alexandria, Virginia, for Appellant.
 Maureen Clancy Lindsey, Office of the General Counsel, NAVAL FACILITIES ENGINEERING COMMAND, Alexandria, Virginia, for Appellees.
 Bernard J. DiMuro, DIMURO, GINSBERG & LIEBERMAN, P.C., Alexandria, Virginia, for Appellant.
 Richard Cullen, United States Attorney, Dennis E. Szybala, Assistant United States Attorney, Alexandria, Virginia, for Appellees.
 E.D.Va.
 AFFIRMED.
 Before ERVIN, Chief Judge, and WIDENER and NIEMEYER, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 The Swanson Group, Inc., was a government contractor, supplying security guard services to the Navy at the Long Beach Naval Shipyard at Long Beach, California. On April 27, 1992, the Navy terminated Swanson Group's contract for the failure to cure defaults previously brought to Swanson Group's attention. Swanson Group responded by filing suit against the Navy in the district court, alleging that the Navy "maliciously and intentionally sabotaged" Swanson Group's performance and wrongfully terminated the contract. It alleged that as a result of the termination, it has been de facto debarred from receiving future government contracts and has otherwise been damaged. The complaint concludes that "[t]he wrongful acts and omissions of defendants constitute a deprivation of plaintiff's property rights and rights to liberty under the Fourth and Fifth Amendments to the United States Constitution." Swanson Group prayed for an injunction vacating the contract's termination and directing the Navy to reinstate the contract. It also demanded compensatory damages of $1 million, punitive damages of $1 million, and attorneys' fees and costs.
 
 
 2
 On the Navy's motion to dismiss the complaint for lack of subject matter jurisdiction, the district court dismissed the complaint without prejudice to Swanson Group's pursuing the appropriate procedural course. The court determined that the essence of Swanson Group's complaint was "that the Navy improperly terminated its contract" and that the complaint therefore falls within the scope of the Contract Disputes Act of 1978, 41 U.S.C. § 601, et seq . The court noted that the Act requires a plaintiff to submit its claim to a contracting officer for decision and that any appeal must be taken first to the agency's Board of Contract Appeals or the United States Court of Federal Claims, and ultimately to the Court of Appeals for the Federal Circuit. Because the plaintiff did not follow this route, which divests the district court of jurisdiction over government contract disputes, see also 28 U.S.C. § 1346(a)(2) (the "Little Tucker Act," limiting district courts' jurisdiction to federal contract disputes not exceeding $10,000), the district court dismissed the case without prejudice to Swanson Group's pursuing the correct course.
 
 
 3
 Challenging the district court's decision on appeal, the Swanson Group contends that despite what it pleaded in its complaint, it is actually seeking an injunction relieving it of the effect of the "de facto debarment" imposed on it by the Navy. Apart from the fatal fact that Swanson Group did not seek that relief in its complaint, at oral argument it also conceded that the Navy did nothing to cause a debarment other than terminate the contract. Any debarment, it conceded, would arise by operation of law to disqualify Swanson Group from bidding on future government contracts. We believe that if Swanson Group wants to reverse the contract's termination and its lawful effect on future bidding, it must proceed in accordance with the Contract Disputes Act. If it wishes to enjoin another agency from debarring Swanson Group, it would have to sue that agency in the appropriate manner and at the appropriate time. The fact remains, however, that in this case the relief sought by the complaint is reinstatement of a terminated contract on the grounds that Swanson Group believes the termination to have been unlawful. To pursue that allegation, Swanson Group must challenge the termination in the statutorily specified manner.
 
 
 4
 Swanson Group also contends in its brief that the Court of Claims lacks jurisdiction to enter injunctive relief which it prayed for in the complaint. The Navy argues that the request for injunctive relief is nothing more than a claim for specific performance or for damages. Whether the prayed-for relief amounts to a simple claim for contract damages or specific performance, or goes beyond, is not now material because the jurisdiction of the Court of Claims has since been expanded to allow it to afford relief for monetary and non-monetary disputes. See 28 U.S.C. § 1491 (as amended effective October 29, 1992).
 
 
 5
 Finding no error in the district court's decision, we affirm its judgment.
 
 AFFIRMED